1

2

3

4

5

6

7

8                           **UNITED STATES DISTRICT COURT**

9                          **SOUTHERN DISTRICT OF CALIFORNIA**

10   R. RASHAD TANNER,                                CASE NO. 06CV0833 JM (AJB)

11                                    Petitioner,     ORDER (1) SUSTAINING
                                                      OBJECTIONS TO REPORT AND
12         vs.                                        RECOMMENDATION AND (2)
                                                      REMANDING FOR
13   M.C. KRAMER, Warden,                             RECONSIDERATION

14                                   Respondent.

15

16   **I.      BACKGROUND**

17         Petitioner, a state prisoner proceeding pro se, filed the instant § 2254 petition for a writ of

18   habeas corpus on April 10, 2006.  Petitioner challenges his October 27, 1995 conviction in San Diego

19   Superior Court for robbery, assault with a semiautomatic firearm, and possession of marijuana for sale,

20   for which he was sentenced to approximately twenty-four years in prison.  Respondent now moves

21   to dismiss the petition on the ground that the petition is time-barred.  On September 11, 2006,

22   Magistrate Judge Anthony J. Battaglia issued a Report and Recommendation ("R&R") recommending

23   that the motion be granted.

24         Both petitioner and respondent filed timely objections to the R&R.  The objections raise the

25   issues of (1) whether the R&R correctly tolls the statute of limitations under the Antiterrorism and

26   Effective Death Penalty Act ("AEDPA"), and (2) whether the R&R correctly determined that

27   Petitioner was not entitled to equitable tolling.  After reviewing the papers de novo as well as the

28   parties' objections, the court finds that resolution of these issues is not possible given the current state

1    of the record. Therefore, the court **REMANDS** the petition to the magistrate for the issuance of a new

2    R&R consistent with this order.

3    **II.     STANDARD OF REVIEW**

4          The duties of the district court in connection with a magistrate judge's R&R are set forth in

5    the Federal Rules of Civil Procedure Rule 72(b) and 28 U.S.C. § 636. The district court "shall make

6    a de novo determination of those portions of the report . . . to which objection is made. A judge of the

7    court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

8    magistrate." 28 U.S.C. § 636(b)(1); <u>United States v. Raddatz</u>, 447 U.S. 667, 676 (1980).

9    **III.    PETITIONER'S STATE PROCEEDINGS**

10         Petitioner's conviction became final on July 22, 1997 when the California Court of Appeal

11   issued a remittitur after affirming Petitioner's conviction. <u>See</u> Lodgment 2. Years later, on March

12   3, 2004, Petitioner filed a habeas petition in the California Supreme Court ("CSC"). On December

13   22, 2004, the CSC denied the petition (the "CSC Petition") for lack of timeliness, citing <u>In re Robbins</u>,

14   18 Cal. 4th 770, 780 (1998) (noting that habeas petition is not entitled to presumption of timeliness

15   when filed more than ninety days after the final due date for filing of appellant's reply brief on the

16   direct appeal). In papers submitted with the instant petition, Petitioner alleges that he has filed other

17   state habeas petitions in addition to the CSC Petition, but Petitioner has not produced any evidence

18   of these additional petitions.

19         With these state proceedings in mind, the court now addresses the parties' objections.

20   **IV.    TOLLING UNDER AEDPA**

21         *A.     AEDPA's Statute of Limitations*

22         AEDPA provides a one-year statute of limitations for state prisoners to file complaints in

23   federal court seeking collateral review of their state convictions:

24
25         (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

26
27           (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

28

1

2
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

3

4
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

5

6
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

7

8
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

9

10
28 U.S.C. § 2244(d).  The time an application is "pending" under § 2244(d)(2), AEDPA's tolling

11
provision, includes the time between the lower court judgment and the filing of a notice of appeal.

12
Carey v. Saffold, 536 U.S. 214, 217 (2002); see also Evans v. Chavis, 126 S. Ct. 846, 849 (2006)

13
(reiterating Carey rule).  California does not have a bright-line statute of limitations for the filing of

14
habeas petitions; rather, "a petitioner seeking relief on habeas corpus need only file a petition without

15
substantial delay, or, if delayed, adequately explain the delay."  In re Harris, 5 Cal. 4th 813, 828

16
(1993).

17
B.      The R&R's Findings

18
The R&R correctly finds, and the parties do not dispute, that the limitations period has expired

19
under § 2244(d)(1).  The R&R goes on to find that out of the seven years and four months between

20
final judgment (on July 22, 1997) and the denial of the CSC Petition (on December 22, 2004),[1] only

21
the nine months between the filing of the CSC Petition (on March 3, 2004) and the CSC's denial of

22
same (on December 22, 2004) can be considered "pending" under § 2244(d)(2).  R&R at 6-7.  Relying

23
on Carey, the R&R therefore recommends these nine months be statutorily tolled.  Id.  The R&R only

24
analyzes the CSC Petition for purposes of statutory tolling because

25

26
The very nature of statutory tolling limits the evidence that can be considered when determining whether time should be tolled.  The statute measures reasonable time

27

28
_____

[1]      The time between July 22, 1997 and December 22, 2004 is actually seven years and

five months.

1
2
between direct appeal or collateral review, focusing on whether any action was pending.
The only evidence therefore is the record.  Here, Petitioner did not file any notice to any
court before filing his state habeas petition [in the CSC on March 3, 2004].

3   R&R at 5.  Thus, the R&R appears to provide that since the record contained no evidence of state

4   habeas petitions other than the CSC Petition, then only the CSC Petition is eligible for statutory tolling

5   under § 2244(d)(2).

6      *C.*  *Respondent's Objections*

7      Respondent objects to the tolling of the nine months described above, citing <u>Pace v.</u>

8   <u>DiGuglielmo</u>, 544 U.S. 408 (2005).  <u>Pace</u> held that when a state habeas petition has been rejected by

9   the state as untimely, it is not a "properly filed application" and therefore cannot be one "pending"

10   under § 2244(d)(2).  <u>Id.</u> at 410.  Respondent argues that since the CSC Petition was ultimately deemed

11   untimely, as evidenced by the denial order's reference to <u>In re Robbins</u>, 18 Cal. 4th 770, then <u>Pace</u>

12   forecloses the nine months from being statutorily tolled.  Respondent's Objections at 1-2.

13      Respondent's objection has merit.  Under <u>Pace</u>, an application for post-conviction relief is not

14   "pending" under § 2244(d)(2) if the state court ultimately deems the application untimely.  <u>Pace</u>, 544

15   U.S. at 410; <u>see</u> <u>also</u> <u>Bonner v. Carey</u>, 425 F.3d 1145, 1148-49 (9th Cir. 2005), <u>amended</u>, 439 F.3d.

16   993, <u>cert.</u> <u>denied</u>, 2006 WL 1621895 (U.S. Oct. 2, 2006) (citing <u>Pace</u> and holding that a state petition

17   which is ultimately dismissed by California courts as untimely was neither "properly filed" nor

18   "pending" during the time it was under consideration by the state courts).  Therefore, the court rejects

19   the portion of the R&R recommending statutory tolling of the nine months between petitioner's filing

20   of the CSC Petition and the CSC's eventual denial of that petition for untimeliness.

21      *D.*  *Petitioner's Objections*

22      Petitioner objects to the R&R's failure to statutorily toll the time he was allegedly pursuing

23   two state habeas petitions other than the CSC Petition addressed in the R&R.  Petitioner's Objections

24   at 1.  Specifically, Petitioner alleges that he filed a state habeas action in California Superior Court,

25   case number S123001; no other information about this petition is provided.  Pet. at 3.  Petitioner also

26   alleges that he filed for collateral review in the California Court of Appeal, but provides no further

27   details.  <u>Id.</u>  In his CSC Petition, which is lodged with the court, Petitioner also alleges two state

28   / / /

1  habeas petitions: one filed in Superior Court and another one filed in the Court of Appeal.

2  Lodgment  3 at question 13.

3      Petitioner did not make his "time should be tolled for my two other state habeas petitions"

4  argument until he filed his objections, and therefore the magistrate did not have the opportunity to

5  address it before issuing the R&R.  However, the court must nevertheless consider the argument when

6  deciding whether to adopt the R&R.  Brown v. Roe, 279 F.3d 742, 745 (9th Cir. 2002) (finding that

7  district court abused its discretion by not considering pro se petitioner's equitable tolling argument

8  raised for first time in objections to R&R where prisoner was an illiterate prisoner who raised a

9  relatively novel claim under relatively new statute).

10     Although the R&R is correct that the record contains no evidence of any state habeas petitions

11  other than the CSC Petition, R&R at 5, the court believes the record should be further developed

12  before the merits of Respondent's motion can be adequately addressed.  See Whalem/Hunt v. Early,

13  233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (holding that a district court errs in dismissing a habeas

14  petition without first pursuing factual development of an equitable tolling claim).  In addition,

15  Petitioner is acting pro se and his pleadings should be liberally construed.  Maleng v. Cook, 490 U.S.

16  488, 493 (1989).  Although this principle does not excuse the production of competent evidence in

17  support of Petitioner's objection that the R&R should have statutorily tolled time for these two alleged

18  state petitions, the current record does put the court on notice that these two additional state petitions

19  may exist.  If their existence is established, the additional petitions could be material to the statutory

20  tolling analysis depending on the attendant facts.  See, e.g., Nino v. Galaza, 183 F.3d 1003, 1006 (9th

21  Cir. 1999) (holding that AEDPA's statute of limitations is tolled from the time the first state habeas

22  petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge).

23     In sum, the current record does not allow the court to sufficiently assess the merits of

24  Petitioner's objections to the R&R's statutory tolling analysis.  Therefore, the issue is remanded for

25  further proceedings before the magistrate as to the nature and circumstances of the two alleged state

26  habeas petitions.

27  / / /

28  / / /

1  **V.      EQUITABLE TOLLING**

2          *A.      Standard for Equitable Tolling*

3          AEDPA's one-year statute of limitations is subject to equitable tolling.  <u>Calderon v. United</u>

4  <u>States Dist. Court (Beeler)</u>, 128 F.3d 1283, 1288 (9th Cir. 1997), <u>overruled on other grounds</u>,163 F.3d

5  530 (9th Cir. 1998).  Equitable tolling "will not be available in most cases, as extensions of time will

6  only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file

7  a petition on time."  <u>Id.</u> at 1288-89 (quoting <u>Alvarez-Machain v. United States</u>, 107 F.3d 696, 701 (9th

8  Cir. 1996)).  The petitioner bears the burden to show that the "extraordinary circumstances" he has

9  identified were the proximate cause of his untimeliness, rather than merely a lack of diligence on his

10  part.  <u>Spitsyn v. Moore</u>, 345 F.3d 796, 799 (9th Cir. 2003).

11          *B.      The R&R's Findings*

12          The R&R rejects petitioner's argument that he is entitled to equitable tolling because a

13  corrections officer allegedly destroyed petitioner's legal paperwork in retaliation for filing an

14  administrative grievance, thereby preventing Petitioner from timely filing the instant petition.  <u>See</u>

15  <u>Lott v. Mueller</u>, 304 F.3d 918, 924 (9th Cir. 2002) (holding that temporary denial of access to legal

16  materials can satisfy "extraordinary circumstances" requirement for equitable tolling).  The R&R

17  reasons as follows:

18          [T]he confiscation [of petitioner's legal documents] must have been the proximate
            cause to the untimeliness.  Here, Petitioner's Opposition does not set forth the date
19          the officer allegedly took and destroyed Petitioner's legal documents, but Petitioner's
            evidence suggests he did not file the [administrative grievance complaining of the
20          officer's conduct] until December 15, 2000, well after the statute of limitations for
            federal habeas corpus relief expired . . . .  This evidence of the loss of legal materials
21          cannot be seen as the proximate cause for the petitioner's delay.  Had the alleged
            confiscation occurred prior to the statute of limitations expiration date, Petitioner
22          would have a better chance of arguing equitable tolling.  However, because the
            alleged confiscation occurred after the running of the statute of limitations, Petitioner
23          has failed to met [sic] his burden that the extraordinary circumstance was the
            proximate cause of his delay.  Rather, the evidence shows a lack of diligence on the
24          part of the Petitioner.

25  R&R at 8.  However, as discussed in part IV-D of this order, the expiration of the statutory limitations

26  period cannot yet be determined on the current record.  Therefore, it cannot yet be known whether "the

27  alleged confiscation occurred after the running of the statute of limitations[.]"  <u>Id.</u>  In addition,

28  Petitioner should be given leave to amend his papers to include the date his legal documents were

1   allegedly confiscated and destroyed, since this fact, if established, could alter the proximate cause

2   analysis.  See Early, 233 F.3d at 1148 (finding dismissal of habeas petition for untimeliness improper

3   where district court did not give pro se petitioner, who asked that his petition be equitably tolled, an

4   opportunity to amend his petition, respondent was not asked to respond to petitioner's declaration, and

5   no evidentiary hearing was held); see also Laws v. LaMarque, 351 F.3d 919, 924 (9th Cir. 2003).

6          *C.     Respondent's Objections*

7          Respondents have no objections to the R&R's equitable tolling analysis.

8          *D.     Petitioner's Objections*

9          Petitioner objects to the R&R's finding that he is not entitled to equitable tolling.  Petitioner's

10  Objections at 2.  Petitioner argues that he did not receive notice of the CSC's December 22, 2004

11  denial until January 2006.  See Petitioner's Objections at 2; Oppo. at 3, Ex. titled "Legal Mail January

12  18, 2006" (Petitioner's legal mail ledger showing Petitioner received mail from the CSC on January

13  18, 2006).  As a result, Petitioner argues, he did not file the instant petition until April 2006, ninety

14  days after he became aware of the CSC denial.  Petitioner's Objections at 2.  The court construes this

15  argument as a request for equitable tolling of the time between December 22, 2005 and April 10, 2006

16  based on failure to receive timely notice of the CSC's denial.  Although the argument was first made

17  explicit in Petitioner's objections,[2] it should still be considered on remand.  Brown, 279 F.3d at 745.

18  **VI.    CONCLUSION**

19         The court **SUSTAINS** the parties' objections to the extent set forth above and **REMANDS**

20  the petition for further development of the record and the issuance of a new R&R consistent with this

21  order.  Issues warranting further briefing on remand include (1) the circumstances of the two state

22  habeas petitions Petitioner allegedly filed, including when the petitions were filed, when and why they

23  were denied, and how their existence, if established, affect the tolling analysis, if at all; (2) when the

24  alleged destruction of Petitioner's legal documents took place, if at all; and (3) the merits of

25  Petitioner's argument that he is entitled to equitable tolling for failure to receive timely notice of the

26  December 22, 2004 denial of his CSC Petition.  Since Petitioner contends that his legal documents

27  

28          [2]     Petitioner mentions having received late notice of the CSC's denial in his opposition, Oppo. at 3, but only makes the specific argument in his objections that such late notice merits equitable tolling of the time between December 22, 2005 and April 10, 2006.

1   have been destroyed, the court **ORDERS** Respondent to make a reasonably diligent effort to search

2   for any records or information relative to Petitioner's assertion that he filed two additional state habeas

3   petitions, and to provide the court with the results of that effort within 60 days of entry of this order.

4   The court so orders Respondent without accepting as true the allegation that Petitioner's documents

5   were destroyed, but merely in the interest of expediting this litigation.

6        **IT IS SO ORDERED.**

7   DATED:  November  3, 2006

8

9   _____
                         Hon. Jeffrey T. Miller
10                       United States District Judge

11   cc:      Magistrate Judge Battaglia
             All Parties

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28